Filed 5/28/25  P. v. Bland CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES BLAND,<br><br>    Defendant and Appellant. | B341328<br><br>(Los Angeles County<br>Super. Ct. No. TA080626) |

THE COURT:

Defendant and appellant James Bland appeals the denial of his petition for vacatur of his murder conviction and for resentencing under Penal Code section 1172.6.[1] Appointed counsel found no arguable issues and filed a brief requesting this court to follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), allowing the reviewing court

---

[1]    All further unattributed code citations are to the Penal Code.

to exercise discretion to conduct an independent review for arguable issues. After conducting a limited review of the record (see *id.* at p. 232), we conclude the trial court erred in failing to follow procedures set forth in section 1172.6, subdivision (b) or (c). We reverse and remand for the trial court to appoint counsel and follow the procedures set forth in section 1172.6, subdivision (c).

## BACKGROUND

In 2005 defendant and codefendant Pablo Bernoudy were charged with murder, tried together, and convicted of murder in the first degree. (§ 187, subd. (a).) The jury found true the allegations against defendant that a principal discharged a firearm causing death or great bodily injury (§ 12022.53, subds. (b), (c), (d), and (e)(1)) and that the murder was committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote the gang (§ 186.22, subd. (b)(1)(A)). The jury found true the allegations against Bernoudy that he personally and intentionally used and discharged a firearm causing death or great bodily injury within the meaning of section 12022.53, subdivisions (b), (c), (d), and (e)(1; that a principal was armed with a firearm (§ 12022, subd. (a)(1)); and that the murder was committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote the gang (§ 186.22, subd. (b)(1)(A)). Defendant was sentenced to a term of 50 years to life in prison composed of 25 years to life for the murder plus 25 years to life for the firearm enhancement pursuant to section 12022.53, subdivisions (d) and (e)(1). His conviction was affirmed on appeal. (*People v. Bernoudy* (Oct. 31, 2008, B200994) [nonpub. opn.].)

After defendant's conviction, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), which amended sections 188 and 189, effective January 1, 2019, as they pertained to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill 1437 also enacted former section 1170.95, now section 1172.6,[2] which set forth a procedure to petition for retroactive relief for those who could not be convicted under sections 188 and 189 as amended. (See *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  Under former section 1170.95, that procedure provided that a petition could be filed by a person convicted of felony murder or murder under the natural and probable consequences doctrine.  (See *People v. Strong* (2022) 13 Cal.5th 698, 708, citing *Lewis*, *supra*, at pp. 959–960 & *People v. Gentile* (2020) 10 Cal.5th 830, 843.)

Defendant filed two form petitions for resentencing under former section 1170.95 and the trial court summarily denied them both.  The second petition is the subject of this appeal and was denied on September 18, 2024.

Defendant filed a timely notice of appeal from the order of denial.

## DISCUSSION

Where, as here, appointed counsel finds no arguable issues in an appeal that is not the first appeal after conviction, we are not required to conduct an independent review of the record.  (See

---

[2]    See Statutes 2022, chapter 58, section 10.

3

*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) However, we give the defendant the opportunity to file his or her own supplemental brief or letter and then evaluate any specific arguments raised. (See *id.* at p. 232.) Here, counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief. We also notified defendant of counsel's brief, allowed defendant to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered, and advised him that if no supplemental brief or letter is timely filed the court may dismiss the appeal as abandoned.

Defendant then filed a difficult to decipher handwritten supplemental brief within the time allowed. His brief makes several contentions relating to alleged trial errors, which are not cognizable in section 1172.6 proceedings. (See generally, *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457–459.) However, our review of the record before us does raise some concerns.

At the time defendant filed his first petition on October 18, 2019, former section 1170.95, subdivisions (c) & (d) provided (just as section 1172.6, subdivisions (c) & (d) continue to provide) if the petitioner established a prima facie case for relief, the court was required to issue an order to show cause, conduct an evidentiary hearing to decide whether to vacate the murder conviction, and if so, then resentence the petitioner on any remaining counts if it finds the petitioner entitled to relief.

Defendant checked boxes on the form petition next to the three qualifying conditions specified in subdivision (a) of former section 1170.95, thus alleging the charging document filed against him allowed the prosecution to proceed under the felony murder rule or murder under natural and probable consequences doctrine, that he was convicted of murder under the felony

4

murder rule or the natural and probable consequences doctrine, and that he could not presently be convicted of murder because of changes to section 188 or 189 made effective January 1, 2019. The petition requested appointment of counsel and also alleged that defendant was not the actual killer, an aider and abettor with intent to kill, or a major participant who acted with reckless indifference to human life. The law was unsettled at that time, but later, the California Supreme Court held that upon receipt of such a facially adequate petition the court should appoint counsel and entertain briefing by both parties. (*Lewis, supra*, 11 Cal.5th at pp. 964, 971–972.)

The trial court summarily denied the petition, concluding from its review of the factual summary in *People v. Bernoudy* that defendant was a major participant in the crime who acted with reckless indifference to human life, and thus ineligible for relief under section 189 as amended effective January 1, 2019.[3] Defendant appealed the order, and on June 17, 2021, we affirmed the summary denial in a nonpublished opinion after approving the procedure followed by the trial court. Supreme Court review was granted, and on September 1, 2021, the matter was returned to this court with instructions to vacate our prior decision and reconsider the cause in light of *Lewis, supra*, 11 Cal.5th 952, which had been published on July 26, 2021.

---

[3] Later case law has clarified that trial evidence summarized in appellate opinions may not be considered either at the prima facie stage under section 1172.6, subdivision (c), or the evidentiary hearing under section 1172.6, subdivision (d). (See *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238; *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113–1114.)

*Lewis* instructed that at the prima facie determination stage, if the petition for resentencing is facially adequate, a court is permitted to consider the record of conviction only after appointing counsel and entertaining briefing by both parties. (*Lewis, supra*, 11 Cal.5th at pp. 964, 971–972.) The courts then could look to the record of conviction, but *Lewis* cautioned the "'prima facie bar was intentionally and correctly set very low.'" (*Id*. at p. 972.) The "allegations should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id*. at p. 974.) If the trial court determines from the record of conviction that the allegations have been refuted as a matter of law, no prima facie showing can be made and the petition is properly denied. (*People v. Lewis, supra*, at pp. 971–972.)

On November 3, 2021, after receiving the remittitur and vacating our prior opinion, we again affirmed the trial court's order. (*People v. Bland* Nov. 3, 2021, B302262) [nonpub. opn.].) We held that as the petition was facially sufficient the trial court was required under *Lewis* to take the allegations of the petition as true, appoint counsel, and entertain briefing by both parties before determining whether he had made a prima facie showing of eligibility under former section 1170.95. (*People v. Bland, supra*, B302262.) However, we found the failure to do so harmless, because defendant's jury was not instructed regarding natural and probable consequences or felony murder, but was instead instructed regarding direct aiding and abetting, and no target offense was identified. (*Ibid*.) We concluded defendant was unable to make a prima facie showing of eligibility for resentencing as a matter of law. (*Ibid*.)

6

Effective January 1, 2022, the Legislature amended former section 1170.95, subdivision (a)(1) to extend the availability of relief to those convicted of attempted murder, manslaughter, and any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775); § 1172.6, subd. (a)(1).) The amendment also codified the holdings of *Lewis*, *supra*, 11 Cal.5th at pages 961–970, regarding appointment of counsel and the standard for determining the existence of a prima facie case. (Stats. 2021, ch. 551, § 1(a), (b) & (d).) Thus, on January 1, 2022, Senate Bill 775 provided the opportunity under the law to allege facts that could potentially be sufficient to make a prima facie showing of eligibility for resentencing under a theory that was unavailable when defendant filed his first petition for resentencing, and to do so with the assistance of counsel. (See former § 1170.95, now § 1172.6, subds. (c) & (d); see *Lewis*, *supra*, 11 Cal.5th at p. 962.)

Five days later, on January 6, 2022, the remittitur from this court was filed and received by the trial court and the proceedings were then terminated. On August 16, 2024, defendant filed his second petition, which is the subject of this appeal. The second petition was facially sufficient as defendant checked the boxes corresponding to the required conditions for relief, thus alleging the charging document allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he was convicted of murder, and that he could not now be convicted under the amendments to sections 188 and 189.[4] (§ 1172.6, subd.

---

[4] Effective June 30, 2022, former  section 1170.95 was renumbered 1172.6. (Stats. 2022, ch. 58, § 10.) As to proceedings

7

(a).)  Defendant again requested the appointment of counsel.  On September 18, 2024, the trial court summarily denied the petition, explaining:  "Defendant's petition is DENIED – 'Res Judicata' (it is the exact same petition that was previously filed and denied)."

The second form petition, filed after Senate Bill 775 became effective, did not contain the language extending the opportunity to seek resentencing to certain persons convicted of manslaughter, attempted murder under the natural and probable consequences doctrine or other theory of imputed malice.  However, Senate Bill 775 also amended former section 1170.95, by adding subdivision (b)(3), later renumbered section 1172.6, subdivision (b)(3), with the following language: "Upon receiving a petition in which the information required by this subdivision is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner."

When the trial court summarily denied defendant's second petition on September 18, 2024, Senate Bill 775 amendments had been in effect for over two years nine months, and it had been two years and nearly three months since the renumbering of former section 1170.95 to 1172.6.  (See Stats. 2021, ch. 551, § 2, and Stats. 2022, ch. 58, § 10, respectively.)

Although the second outdated form petition was facially sufficient, it could have been denied without prejudice to allow an updated petition to be filed.  (See § 1172.6, subd. (b)(2).)

---

that occurred after that date, we refer to the relevant statute as section 1172.6 and to defendant's petition as a section 1172.6 petition.

8

Res judicata applies where its application "'comports with fairness and sound public policy.'" (*People v. Strong, supra*, 13 Cal.5th at p. 716, quoting *Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 835.) Res judicata will not apply unless the person against whom it is asserted has had "'"the *opportunity to litigate*"'" the issue. (*People v. Curiel* (2023) 15 Cal.5th 433, 452–453.) Defendant has never had the opportunity to litigate the issue of a prima facie showing, as he has never been appointed counsel to assist him with his petitions in the trial court. Furthermore, the denial of one petition is not a categorical bar to the filing of another petition. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 949–951.) We conclude here the circumstances did not bar a second petition nor justify summary denial.

We thus reverse and remand for the trial court to appoint counsel and follow the procedures set forth in section 1172.6, subdivision (c) to determine whether defendant can make a prima facie showing of eligibility for relief under the statute.

## DISPOSITION

The order of September 18, 2024 is reversed and the cause remanded. Upon remand, the trial court shall appoint counsel and follow the current procedures set forth in section 1172.6, subdivision (c).

ASHMANN-GERST, Acting P. J.   CHAVEZ, J.   RICHARDSON, J.